UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

TECHNOLOGY RECYCLERS LLC,       )
TR HOLDINGS GROUP, LLC,         )
                                )
              Plaintiffs,        )
                                )
        v.                       )      No. 1:25-cv-01534-TWP-MJD
                                )
SELECTIVE INSURANCE COMPANY OF   )
AMERICA,                         )
                                )
              Defendant.         )

**REPORT AND RECOMMENDATION**

Plaintiffs Technology Recyclers LLC and TR Holdings Group LLC have filed a Motion

to Compel Appraisal.  [Dkt. 39.]  Judge Tanya Walton Pratt has designated the undersigned

Magistrate Judge to issue a report and recommendation on the motion pursuant to 28 U.S.C. §

636(b)(1)(B).  [Dkt. 48.]  As explained below, the Magistrate Judge **RECOMMENDS** the Court

**DENY** Plaintiffs' motion.

**I. Background**

After a hailstorm, Plaintiffs filed a claim with their insurance provider, Defendant

Selective Insurance Company of America, for property damage to their roof.  [Dkt. 1-1 at 6.]

Defendant paid Plaintiffs $388,015.16 on this claim.  [Dkt. 41-3 at 1.]  Plaintiffs then hired an

inspector who determined that the roof contained elevated moisture and needed to be completely

replaced.  [Dkt. 1-1 at 7.].  Defendant hired its own inspector, who opined that the elevated

moisture is due to weathering, age, and wear and tear, all of which are unrelated to hail damage

and not covered by the insurance policy. *Id.*; [Dkt. 41-2 at 5.]  Plaintiffs filed a revised claim for

$3,430,559.49 to cover a total roof replacement, which Defendant denied.  [Dkt. 1-1 at 7.]

Before filing this lawsuit, Plaintiffs sought to invoke their insurance policy's Appraisal

Provision, but Defendant allegedly refused to participate in the appraisal process.  *Id.* at 7-8.

The Appraisal Provision states:

> If we and you disagree on the value of the property or the amount of loss, either
> may make a written demand for an appraisal of the loss. In this event, each party
> will select a competent and impartial appraiser. The two appraisers will select an
> umpire. If they cannot agree, either may request that selection be made by a judge
> of a court having jurisdiction. The appraisers will state separately the value of the
> property and amount of loss. If they fail to agree they will submit their differences
> to an umpire. A decision agreed to by any two will be binding. Each party will:
>  a.   Pay its chosen appraiser; and
>  b.   Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our right to deny the claim.

*Id.*

Plaintiffs then filed this lawsuit alleging breach of contract and insurance bad faith.  *Id.* at

8-12.  In addition to damages, Plaintiffs seek a declaratory judgment as to whether Defendant

"had a duty to participate in the appraisal process and indemnify Plaintiff[s] for the claim as a

covered loss under the policy."  *Id.* at 5.  Defendant's position is that it agreed to participate in

the appraisal process for the cost of recoating the roof due to hail damage but declined to

participate in the appraisal process for a roof replacement "[b]ecause the roof replacement is a

coverage issue, [and thus] appraisal is not appropriate."   [Dkt. 17 at 2.]

## II. Discussion

Plaintiffs' Motion to Compel Appraisal is currently before the Court.  [Dkt. 39.]  In that

motion, Plaintiffs argue that their insurance policy's Appraisal Provision governs the Parties'

dispute and that compelling Defendants to comply with the Appraisal Provision "will narrow the

issues before the Court, promote judicial economy, and potentially resolve the dispute in whole or in part." *Id.* at ¶ 15. Plaintiffs argue:

> where an insurer acknowledges a loss but disputes the scope, repairability, or value of the damage, the matter is appropriate for appraisal. Questions concerning policy interpretation, exclusions, valuation methodology, or deductible application may be addressed by the Court after the appraisal process is completed, and do not excuse an insurer from complying with its contractual obligation to participate in appraisal.

*Id.* at ¶ 14 (citing *Weidman v. Erie Ins. Group*, 745 N.E.2d 292 (Ind. Ct. App. 2001); *Mesco Mfg. LLC v. Motorists Mut. Ins. Co.*, 145 F.4th 705 (7th Cir. 2025); *Villas at Winding Ridge v. State Farm Fire and Cas. Co.*, 942 F.3d 824 (7th Cir. 2019); *Philadelphia Indem. Ins. Co. v. WE Pebble Point*, 44 F. Supp. 3d 813 (S.D. Ind. 2014); *Shifrin v. Liberty Mut. Ins.*, 991 F. Supp. 2d 1022 (S.D. Ind. 2014)).

Noticeably absent from Plaintiffs' motion and reply brief, however, is any discussion of the Court's authority to compel Defendant to comply with the Appraisal Provision at this stage of the proceedings. The deadlines to conduct liability discovery, disclose experts, move for summary judgment, and conduct other litigation activities have not passed. *See generally* [Dkt. 17 (Case Management Plan).] Plaintiffs do not cite to an applicable rule of procedure, nor do they cite any provision of federal or Indiana law that permits the enforcement of an appraisal provision as a preliminary matter before the final resolution of a case. They do not invoke Federal Rule of Civil Procedure 65(a), which governs motions for preliminary injunction, and do not engage in the familiar preliminary injunction analysis of irreparable harm, inadequacy of remedies at law, likelihood of success on the merits, and balance of societal interests. *See generally Illinois Tamale Co., Inc. v. LC Trademarks, Inc.*, 164 F.4th 648, 654 (7th Cir. 2026).

It is telling that the cases cited by Plaintiffs in their Motion to Compel Appraisal involve motions for summary judgment or, in one case, a motion to dismiss. In those cases, the issue

3

was whether there was a material issue of fact as to the applicability of an appraisal provision (or in the case of *Philadelphia Indem. Ins. Co.*, whether the existence of an appraisal provision in an insurance contract creates a condition precedent to filing a lawsuit). Those cases may become relevant at a later stage of the proceedings, when the Court will be asked to decide the merits of the case and determine the Parties' obligations under the insurance policy. What is important at this time, however, is that none of the legal authorities Plaintiffs rely upon support the specific relief they request in their Motion to Compel Appraisal—that is to say, a preliminary order compelling Defendant to perform on the Appraisal Provision before the Court has an opportunity to address the merits of the case.

The Court is unaware of a valid procedural basis for granting the relief Plaintiffs seek at this stage of the litigation, and regardless, it is not the Court's practice to construct legal arguments for one party to the detriment of another. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) ("Neither the district court nor this court are obliged to research and construct legal arguments for parties, especially when they are represented by counsel."); *United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003) ("We have repeatedly warned that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." (quotation omitted); *Krebs v. Gravely*, 2020 WL 1479189, at *2 (E.D. Wis. March 26, 2020) ("The Court thus does not comment upon whether any appropriate arguments and legal support could be found to support Plaintiffs' position; it finds only that she has not provided as much to the Court."). Accordingly, there is no basis to grant Plaintiffs' Motion to Compel Appraisal, and the motion should be denied.

### III. Conclusion

As explained above, the undersigned **RECOMMENDS** that Plaintiffs' Motion to Compel Appraisal be **DENIED**.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

SO ORDERED.

Dated:  8 APR 2026

_____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email